**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0413n.06

No. 10-2672

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 16, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| PATRICK WAYNE BRIDGES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE: WHITE, STRANCH, and FARRIS, Circuit Judges.[*]

PER CURIAM. Patrick Wayne Bridges appeals the district court's order denying his motion to dismiss the indictment.

In 2001, Bridges was convicted of misdemeanor domestic violence in a Michigan court. The trial court did not impose a term of incarceration, but sentenced Bridges to one year of probation. In 2010, Bridges was indicted for possessing a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Bridges moved to dismiss the indictment, arguing that despite his domestic violence conviction, he was not prohibited from possessing a firearm because he qualified for one of the exceptions to the firearm restriction listed in 18 U.S.C. § 921(a)(33)(B)(ii). The district court denied the motion, concluding that Bridges did not qualify for the exception. Bridges pleaded guilty to the firearm charge, reserving his right to

---

[*]The Honorable Jerome Farris, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

appeal the district court's denial of his motion to dismiss the indictment. The district court sentenced Bridges to 21 months in prison.

On appeal, Bridges argues that the district court erred by denying his motion to dismiss the indictment. We review de novo matters requiring statutory interpretation. *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011). Section 922(g)(9) prohibits an individual who has been convicted of a misdemeanor crime of domestic violence from possessing a firearm. Section 921(a)(33)(B)(ii) provides, as relevant here, that "[a] person shall not be considered to have been convicted of such an offense . . . if the conviction . . . is an offense for which the person . . . has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense)." Under Michigan law, misdemeanants lose their civil rights only while confined in a correctional facility. *See* Mich. Comp. Laws § 168.758b.

Bridges argues that, under § 921(a)(33)(B)(ii), individuals in his position, who are not subjected to a loss of their civil rights as a result of their conviction, should be treated equivalently to individuals who lose their civil rights and subsequently have those rights restored. This court reached such a conclusion in *United States v. Wegrzyn*, 305 F.3d 593 (6th Cir. 2002). In 2007, however, the Supreme Court held that the "civil rights restored" clause in the analogous provision of § 921(a)(20) does not apply to an offender such as Bridges who lost no civil rights. *See Logan v. United States*, 552 U.S. 23, 37 (2007). Further, the Court noted that the words "civil rights restored" in § 921(a)(33)(B)(ii) do not cover a person whose civil rights were never taken away. *Id.* at 36-37. Under the reasoning of *Logan*, which we are bound to follow, *see Smith v. Cupp*, 430 F.3d 766, 773 n.3 (6th Cir. 2005), Bridges does not qualify for an exception to the firearm restriction in § 922(g)(9), and the district court properly denied his motion to dismiss the indictment.

Accordingly, we affirm the district court's order.