[Cite as *State v. Ewing*, 2018-Ohio-451.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2017-05-062 |
| Plaintiff-Appellee, | : | CA2017-05-063 |
| | : | O P I N I O N |
| - vs - | | 2/5/2018 |
| | : | |
| ROY J. EWING, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2017CRB000039

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Rose & Dobyns Co., L.P.A., Blaise S. Underwood, 97 North South Street, Wilmington, Ohio 45177, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Roy Ewing, appeals his conviction in the Warren County Court for domestic violence.

{¶ 2} On January 14, 2017, appellant's wife, Jamie Ewing, called 9-1-1 after an argument with appellant escalated and became physical. The responding police officers talked to appellant and Jamie separately. Jamie was upset and her eyes were a little bit

puffy and watery. Jamie told one officer that appellant grabbed her by the throat several times, grabbed her by the hair, and shoved her hard enough that she hit a back door, hit her head, and landed on the floor. The officer observed red marks on Jamie's neck and found a lump of curly hair on the laundry room floor, just outside the office where the argument mostly took place.

{¶ 3} On January 15, 2017, appellant was charged by complaint with one count of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. That same day, the trial court issued a temporary protection order which required appellant to refrain from contacting Jamie. Appellant was personally served with the temporary order on January 15, 2017. Three days later, he was charged by complaint with violating the temporary order for sending an email to Jamie.

{¶ 4} The record indicates that a few days after appellant was charged with domestic violence and removed from the house, Jamie broke into appellant's safe and removed money and firearms. What Jamie specifically took from the safe and did with the items is a matter of dispute.

{¶ 5} The domestic violence and violation of a protection order charges proceeded to a jury trial on April 7, 2017. Prior to trial, appellant moved the trial court for permission to cross-examine Jamie regarding the "safecracking" incident. The motion asserted that Jamie wanted to initiate divorce proceedings and "secure leverage over [appellant] in these divorce proceedings. This is why she: (1) was untruthful with the police when they interviewed her during the night in question; and (2) broke into [his] safe and stole his items just days after he was charged." In other words, the motion asserted that cross-examining Jamie about the "safecracking" incident would show that she lied about the domestic violence incident in an effort to have appellant removed from the home so that she would

have sole access to his assets and obtain them before she sought a divorce.

{¶ 6} The trial court denied the motion, finding that given the factual dispute regarding the "safecracking" incident, "It's the court's opinion that it would be confusing to the jury and it would mislead the jury to get into this factual dispute." On April 7, 2017, the jury found appellant guilty as charged.

{¶ 7} Appellant now appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN DENYING APPELLANT'S "MOTION TO PERMIT INQUIRY ON CROSS EXAMINATION RE: SAFECRACKING."

{¶ 9} Appellant argues that the trial court's refusal to allow defense counsel to cross-examine Jamie regarding the "safecracking" incident violated appellant's Sixth Amendment right to confrontation. Specifically, appellant asserts that such cross-examination would have revealed Jamie's motive to lie about the domestic violence incident in order to remove appellant from the house and subsequently "beg[i]n staging for assets immediately upon learning [he] wanted a divorce."

{¶ 10} The Sixth Amendment to the United States Constitution provides a defendant the right to confront and cross-examine witnesses on relevant issues. *State v. Ray*, 12th Dist. Butler No. CA2001-06-154, 2003-Ohio-193, ¶ 8, citing *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431 (1986). This includes the opportunity to demonstrate any bias of a particular witness. *Van Arsdall* at 678-679. A criminal defendant's right to cross-examine witnesses against him, however, is not unlimited. The Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Emphasis sic.) *Id.* at 679; *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 170. Trial courts have "wide latitude as far as the Confrontation Clause is concerned to impose reasonable limits

on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall* at 679; *McKelton* at ¶ 170; and *Ray* at ¶ 8.

{¶ 11} "Similarly, Evid.R. 611(B) requires trial courts to permit '[c]ross-examination * * * on all relevant matters and matters affecting credibility.'" *McKelton* at ¶ 171. However, under Evid.R. 611(A), a trial court is empowered to control the presentation of evidence, including the "mode and order of interrogating witnesses" so as to "make the interrogation and presentation effective for the ascertainment of the truth [and] protect witnesses from harassment or undue embarrassment."

{¶ 12} To establish a Confrontation Clause violation, a defendant must show that he was prohibited from engaging in otherwise appropriate cross-examination and a reasonable jury might have received a significantly different impression of the witness' credibility had defense counsel been permitted to pursue his proposed line of cross-examination. *State v. Vansickle*, 12th Dist. Fayette No. CA2013-03-005, 2014-Ohio-1324, ¶ 42; *Van Arsdall*, 475 U.S. at 680.

{¶ 13} Appellant moved the trial court for permission to cross-examine Jamie regarding the "safecracking" incident. The gist of his motion was that Jamie had a motive to lie about the domestic violence incident because she wanted a divorce and thus needed to remove appellant from the house so that she could "secure leverage over [him] in these divorce proceedings." At trial, appellant was not allowed to cross-examine Jamie regarding the "safecracking" incident. He was, however, allowed to, and did cross-examine her as to whether she intended to divorce appellant before the domestic violence incident occurred.

{¶ 14} We find that the trial court did not violate appellant's Sixth Amendment right to confrontation when it barred him from cross-examining Jamie regarding the

"safecracking" incident. Such incident does not prove or disprove any of the elements of domestic violence or violation of a protection order, the two charges against appellant. In addition, appellant was not denied the opportunity to establish that Jamie had a motive to lie regarding the domestic violence incident. Appellant had the opportunity and availed himself of this opportunity to cross-examine Jamie as to whether she intended to divorce appellant before the domestic violence incident occurred. Appellant's failure during cross-examination to delve further into Jamie's intent to divorce did not result from a denial of opportunity of cross-examination, and consequently did not violate his Sixth Amendment right to confrontation. Instead, the trial court determined that any probative value derived from questioning Jamie about the "safecracking" incident was substantially outweighed by the danger of misleading the jury or causing confusion of the issues. Evid.R. 608(B) protects the state's legitimate interest in preventing criminal trials from bogging down in matters collateral to the crime with which the defendant was charged. *See State v. Moshos*, 12th Dist. Clinton No. CA2009-06-008, 2010-Ohio-735. Whether Jamie broke into appellant's safe and took items was an issue peripheral to the charges against appellant, and exploration of this issue was likely to "bog down" the criminal trial and lead to confusion and misleading of the jury. *See Garfield Heights v. Durham*, 8th Dist. Cuyahoga No. 72843, 1998 Ohio App. LEXIS 630 (Feb. 19, 1998).

{¶ 15} Appellant's assignment of error is overruled.

{¶ 16} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.

- 5 -