[Cite as *State ex rel. Suwalski v. Peeler*, 2020-Ohio-3233.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO EX REL., JAMIE SUWALSKI, | : | |
| | : | CASE NO. CA2019-05-053 |
| Relator, | | |
| | : | O P I N I O N 6/8/2020 |
| - vs - | : | |
| | : | |
| JUDGE ROBERT W. PEELER, | : | |
| Respondent. | | |

ORIGINAL ACTION FOR PROHIBITION

Ohio Crime Victim Justice Center, Elizabeth Well, 3976 North Hampton Drive, Powell, Ohio 43065, for relator

Ohio Domestic Violence Network, Micaela Deming, P.O. Box 176, Bluffton, Ohio 45817, for relator

Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for respondent

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for intervenor

**S. POWELL, J.**

{¶ 1} This case involves a review of a petition for a writ of prohibition filed by relator, Jamie Suwalski. Suwalski filed her petition with this court on May 28, 2019. After being

granted an extension, respondent, the Honorable Robert W. Peeler with the Warren County Court of Common Pleas, filed an answer to Suwalski's petition on August 14, 2019. On August 29, 2019, Suwalski's ex-husband, Roy Ewing, who this court permitted to intervene in this case on August 5, 2019, also filed an answer to Suwalski's petition.

{¶ 2} On December 9, 2019, the parties filed a joint stipulated statement of facts. Shortly thereafter, on December 13, 2019, Suwalski filed a brief in support of her petition. To this, Ewing filed a response brief on January 27, 2020 with Judge Peeler filing his own response brief on February 12, 2020. Suwalski then filed a reply brief on February 21, 2020. This case was originally scheduled to be submitted to the court following oral argument. However, due to the impact of the COVID-19 pandemic, this matter was instead submitted to the court without oral argument on May 4, 2020.

{¶ 3} The matter now properly before this court, Suwalski seeks a writ of prohibition to prevent Judge Peeler from relieving Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9). Pursuant to that statute, it is unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to ship, transport, possess, or receive "any firearm or ammunition" in or affecting commerce.[1] For the reasons outlined below, Suwalski's petition is hereby granted as Judge Peeler does not have the judicial power under Ohio law, specifically R.C. 2923.14, to relieve Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9).[2]

**Facts and Procedural History**

---

1. As discussed more fully below, Ewing was convicted of domestic violence in violation of R.C. 2919.25(A). There is no dispute that Ewing's misdemeanor domestic violence conviction qualifies as a "misdemeanor crime of domestic violence" subject to a federal firearms disability imposed under 18 U.S.C. 922(g)(9).

2. This case does not address whether Judge Peeler had the judicial power to relieve Ewing of any state firearms disability imposed under R.C. 2923.13(A)(1) thru (5) resulting from his misdemeanor domestic violence conviction. For a discussion on that issue, see this court's decision in *Terry v. Ohio*, 12th Dist. Clermont No. CA2016-11-078, 2017-Ohio-7805.

{¶ 4} On April 7, 2017, Ewing was found guilty of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. There is no dispute that Suwalski was the victim of this domestic violence incident. After being found guilty, Ewing was sentenced to serve 20 days in jail, with ten of those days suspended, placed on one year of nonreporting probation, and ordered to pay a fine. Ewing then appealed.

{¶ 5} In support of his appeal, Ewing argued that the trial court erred when it prohibited him from cross-examining Suwalski about an alleged "safecracking" incident. This, according to Ewing, would have revealed Suwalski's motive to lie in order to get him out of their house so that she could gain leverage over him in their upcoming divorce. Finding no merit to Ewing's claim, this court affirmed Ewing's conviction in *State v. Ewing*, 12th Dist. Warren Nos. CA2017-05-062 and CA2017-05-063, 2018-Ohio-451. The Ohio Supreme Court thereafter declined review. *06/06/2018 Case Announcements #2*, 2018-Ohio-2155.

{¶ 6} On February 5, 2019, Ewing filed an application for relief from the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9).[3] Ewing filed his application under R.C. 2923.14(A), which provides that "any person who is prohibited from acquiring, having, carrying, or using firearms may apply to the court of common pleas in the county in which the person resides for relief from such prohibition." Ewing supported his application by noting the fact that "his community-control terms were fully discharged; and he has not recidivated." Ewing also noted that he "is a retired police officer with training and experience with the responsible use and handling of a firearm." Therefore, because there was "ample

---

3. In 1996, Congress enacted 18 U.S.C. 922(g)(9) after recognizing that existing "felon-in-possession laws" were not "keeping firearms out of the hands of domestic abusers, because 'many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies.'" *United States v. Hayes*, 555 U.S. 415, 426, 129 S.Ct. 1079 (2009), quoting 142 Cong. Rec. 22985 (1996) (statement of Sen. Lautenberg). "By extending the federal firearm prohibition to persons convicted of 'misdemeanor crime[s] of domestic violence,' proponents of [18 U.S.C. 922(g)(9)] sought to 'close this dangerous loophole.'" *Id.*, quoting 142 Cong. Rec. at 22986.

evidence of rehabilitation" exhibited by his "upstanding behavior" following his conviction for misdemeanor domestic violence, Ewing requested "his firearm rights" be restored so that he could "resume his private security business and to engage in outdoor recreational sport of hunting with his friends and family."

{¶ 7} On April 23, 2019, Judge Peeler held a hearing on Ewing's application. Ewing testified at this hearing. As part of his testimony, Ewing claimed that the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9) had negatively impacted his private security business, his federal firearms license, as well as his ability to possess a firearm for personal protection. Suwalski did not testify at this hearing. Suwalski, however, did provide Judge Peeler with a statement noting her opposition to Ewing's application. Suwalski's statement also restated the facts underlying Ewing's misdemeanor domestic violence conviction. As this court stated in *Ewing*, the facts underlying Ewing's conviction are as follows:

> On January 14, 2017, [Suwalski] called 9-1-1 after an argument with [Ewing] escalated and became physical. The responding police officers talked to [Ewing] and [Suwalski] separately. [Suwalski] was upset and her eyes were a little bit puffy and watery. [Suwalski] told one officer that [Ewing] grabbed her by the throat several times, grabbed her by the hair, and shoved her hard enough that she hit a back door, hit her head, and landed on the floor. The officer observed red marks on [Suwalski's] neck and found a lump of curly hair on the laundry room floor, just outside the office where the argument mostly took place.

*Id.*, 2018-Ohio-451 at ¶ 2.

{¶ 8} On April 29, 2019, Judge Peeler issued a decision granting Ewing's application. Judge Peeler issued his decision based on the language found in R.C. 2923.14(D). That statute provides that, upon hearing, an applicant who is prohibited from acquiring, having, carrying, or using firearms may be entitled to relief from that prohibition if all of the following apply:

- 4 -

(1) One of the following applies:

(a) If the disability is based upon an indictment, a conviction, or an adjudication, the applicant has been fully discharged from imprisonment, community control, post-release control, and parole, or, if the applicant is under indictment, has been released on bail or recognizance.

(b) If the disability is based upon a factor other than an indictment, a conviction, or an adjudication, that factor no longer is applicable to the applicant.

(2) The applicant has led a law-abiding life since discharge or release, and appears likely to continue to do so.

(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms.

{¶ 9} Judge Peeler explained his decision to grant Ewing's application as follows:

The record in this case establishes that [Ewing] had no criminal record prior to the 2017 conviction[] and has led a law-abiding life since the 2017 conviction[]. [Ewing] has been fully discharged from his 2017 sentence of incarceration and non-reporting probation. No evidence was admitted at the hearing that [Ewing] had any probation infractions or acted inappropriately while on probation. There is nothing to indicate that [Ewing] would not continue to live a law-abiding life, whether his application is granted or not. Further, the State concedes [Ewing] is not otherwise prohibited by law from acquiring, having, or using a firearm.

While the victim of [Ewing's] past criminal conduct certainly has trepidations regarding [Ewing's] ability to possess firearms, the record reveals no evidence that [Ewing] is a risk to Ms. Suwalski or any other person. Ms. Suwalski admitted that she has not seen [Ewing] since their divorce was finalized approximately one year ago.

**Suwalski's Standing to Petition this Court for a Writ of Prohibition**

{¶ 10} Effective February 5, 2018, Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law, expanded the rights afforded to crime victims like Suwalski. *State v. Lee*, 12th Dist. Warren No. CA2018-11-134, 2019-Ohio-4725, ¶ 12 ("Marsy's Law defines the term 'victim' as 'a person against whom the criminal offense or

delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act'"); *State v. Jones*, 1st Dist. Hamilton No. C-190039, 2020-Ohio-81, ¶ 9 ("on February 5, 2018, the amendment to Article I, Section 10a of the Ohio Constitution, known as Marsy's Law, became effective"); *State ex rel. S.L. v. Rucker*, 1st Dist. Hamilton No. C-190248, 2020-Ohio-584, ¶ 3 ("Marsy's Law is an amendment to the Ohio Constitution that expands the rights afforded to victims of crimes").

{¶ 11} The expanded rights afforded to crime victims include those set forth in Article I, Section 10a(B), which states:

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

{¶ 12} Thus, by its terms, Marsy's Law authorizes Suwalski to petition this court for a writ of prohibition under these circumstances. *See Rucker* ("[u]nder Marsy's Law, the victim also has the right to 'petition' a court of appeals if the victim's rights are 'implicated' in a criminal proceeding); *see, e.g., State ex rel. Howery v. Powers*, 12th Dist. Butler No. CA2019-03-045, 2020-Ohio-2767, ¶ 14, 20 (remedy for a crime victim who was not provided for full and timely restitution as provided under Marsy's Law was to petition this court for a writ of mandamus directing the trial court judge to reopen sentencing "to allow relator to enforce her constitutional right of restitution"). This holds true even though Suwalski neither appealed from Judge Peeler's decision directly nor intervened in the action below. "The right a victim may have to 'petition' an appellate court is not equivalent to that of a party with a right to appeal." *State v. Hughes*, 8th Dist. Cuyahoga No. 107697, 2019-Ohio-1000, ¶ 16. Therefore, in accordance with Marsy's Law, specifically, Article 1, Section 10(a)(B) of

the Ohio Constitution, Suwalski has standing to petition this court for a writ of prohibition to prevent Judge Peeler from relieving Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9).

### Suwalski's Petition for a Writ of Prohibition

{¶ 13} "Prohibition is an extraordinary writ issued by a higher court to a lower court to restrain the unauthorized exercise of judicial power." *State ex rel. Cincinnati Enquirer v. Oda*, 12th Dist. Warren No. CA2017-08-130, 2018-Ohio-704, 10, citing *State ex rel. Daily Reporter v. Court of Common Pleas of Franklin Cty.*, 56 Ohio St.3d 145 (1990). "Three elements are necessary for a writ of prohibition to issue: the exercise of judicial or quasi-judicial power, the lack of legal authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Barney v. Union Cty. Bd. of Elections*, Slip Opinion No. 2019-Ohio-4277, ¶ 11, citing *State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, ¶ 14. Suwalski bears the burden to demonstrate that she is entitled to the requested writ. *Roberts v. Winkler*, 176 Ohio App.3d 685, 2008-Ohio-2843, ¶ 11 (1st Dist.). Therefore, for the writ to issue, Suwalski must establish that: (1) Judge Peeler is about to exercise or has exercised his judicial power, (2) Judge Peeler's exercise of his judicial power was not authorized by law, and (3) denial of the writ will cause injury for which she would lack an adequate remedy in the ordinary course of law. *State ex rel. City of Cleveland v. Russo*, 156 Ohio St.3d 449, 2019-Ohio-1595, ¶ 8, citing *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, ¶ 13.

{¶ 14} Because the first and third elements are clearly satisfied, the only real issue to be decided is whether a state court judge in Ohio, like Judge Peeler, has the judicial power under Ohio law, specifically R.C. 2923.14, to relieve a person of a federal firearms disability imposed under 18 U.S.C. 922(g)(9). Based on this court's research, it appears

that this issue has not previously been addressed by any appellate court in Ohio.[4]  This is true even before Marsy's Law came into effect.  Therefore, because there is no Ohio case law to refer to for guidance, Judge Peeler has instead cited to the Illinois Supreme Court's decision in *Coram v. Illinois*, 2013 IL 113867.

{¶ 15} In *Coram*, the Illinois Supreme Court determined that its state court judges had the judicial power under then existing Illinois law to "override a federal [firearms] disability, reasoning that a state's ability to restore firearm rights was necessarily implied by Congress." *Johnson v. Illinois Dept. of State Police*, 2020 IL 124213, ¶ 14, citing *Coram* at ¶ 69 ("[g]iven the broad powers Congress has given the states to restore rights and grant relief from federally imposed firearms disabilities, we believe the power to grant relief, or restore rights, to those who have lost them as a result of state misdemeanor convictions is necessarily implied").  This is because, based on the law in effect at that time, "nothing prevented the trial court from granting relief from the federal firearms disability." *People v. Love*, 2020 IL App (1st) 171437-U, ¶ 17, citing *Coram* at ¶ 9.

{¶ 16} The law applied by the Illinois Supreme Court in *Coram*, however, has since been amended.  The current law, 430 ILCS 65/10(c), now provides:

> (c) Any person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that:
>
> (0.05) when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before

---

4. We note that the Summit County Court of Common Pleas has issued a decision relieving an applicant of a federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9).  However, besides citing to the general procedures outlined in R.C. 2923.14, the common pleas court offered no other authority that would allow it to grant the applicant's requested relief.  *See Perkins v. Summit County*, Summit C.P. No. CV 2012-04-2199, 2012 Ohio Misc. LEXIS 3171 (Sept. 12, 2012).

any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

> (1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;
>
> (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;
>
> (3) granting relief would not be contrary to the public interest; and
>
> (4) granting relief would not be contrary to federal law.

{¶ 17} Most significant is the language found in 430 ILCS 65/10(c)(4), which, as the plain language of the statute indicates, strips Illinois state court judges of their judicial power to relieve a person of a federal firearms disability where such relief would be contrary to federal law. The effect of this statute precludes Illinois judges from relieving a person from a federal firearms disability that was imposed upon that person under 18 U.S.C. 922(g)(9). This holds true *unless* the underlying misdemeanor domestic violence conviction is excluded from consideration under 18 U.S.C. 921(a)(33)(B)(ii). Or, as stated more simply by the Illinois Supreme Court in *Johnson*:

> [18 U.S.C. 921(a)(33)(B)(ii)] defines a "conviction" in such a way as to exclude from its purview a misdemeanor crime of domestic violence where, as a matter of state law, "the conviction has been expunged or set aside" or where the misdemeanor was "an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

*Id.*, 2020 IL 124213 at ¶ 23.

{¶ 18} The language found in 430 ILCS 65/10(c) is substantially similar to the language found in R.C. 2923.14(D). That is to say, assuming the procedures outlined in R.C. 2923.14 apply, *see Terry*, 2017-Ohio-7805, the plain language found in R.C. 2923.14(D)(3) would provide an Ohio state court judge with the judicial power to relieve a person of a federal firearms disability imposed under 18 U.S.C. 922(g)(9) only if "[t]he applicant is not otherwise prohibited by law from acquiring, having, or using firearms."

{¶ 19} Under federal law, a person who has been convicted of misdemeanor domestic violence has four mechanisms of relief from a federal firearm disability imposed under 18 U.S.C. 922(g)(9). *Stimmel v. Sessions*, 879 F.3d 198, 207 (6th Cir.2018). "They can (1) petition to set aside their conviction; (2) seek a pardon; (3) have their conviction expunged; or (4) have their civil rights fully restored." *Id.* According to the parties joint stipulation of facts, Ewing's misdemeanor domestic violence conviction has not been expunged or set aside, nor has Ewing sought a pardoned from the Governor.[5] Therefore, Judge Peeler would have the judicial power to relieve Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9) only if Ewing has had his civil rights fully restored following his misdemeanor domestic violence conviction.

{¶ 20} Ewing, however, never lost any of his civil rights as a result of his misdemeanor domestic violence conviction. *See United States v. Chovan*, 735 F.3d 1127, 1132 (9th Cir.2013) (appellant's misdemeanor domestic violence conviction "did not divest him of civil rights because it did not divest him of the right to vote, the right to serve on a jury, or the right to hold public office"). Judge Peeler admits this as part of his response brief. "[T]he words 'civil rights restored' in [18 U.S.C.] 921(a)(33)(B)(ii) do not cover a person

---

5. We note that, even if Ewing had tried to have his conviction expunged, "a conviction for domestic violence cannot be expunged as a matter of law when the offense is a felony or a first-degree misdemeanor." *State v. Clark*, 1st Dist. Hamilton No. C-130672, 2014-Ohio-3612, ¶ 5.

- 10 -

whose civil rights were never taken away." *United States v. Bridges*, 696 F.3d 474, 475 (6th Cir.2012), citing *Logan v. United States*, 552 U.S. 23, 37, 128 S. Ct. 475 (2007). Therefore, because Ewing cannot satisfy any of the four mechanisms of relief from the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9), Ewing is prohibited by law, albeit federal law, from acquiring, having, or using firearms.

{¶ 21} As noted above, an applicant in Ewing's position cannot be granted relief under R.C. 2923.14 unless and until the applicant "is not otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(3). Accordingly, because Ewing is prohibited by law from acquiring, having or using firearms, Judge Peeler does not have the judicial power under Ohio law, specifically R.C. 2923.14, to relieve Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9) as a result of his misdemeanor domestic violence conviction.

{¶ 22} In so holding, we note Ewing's argument claiming the General Assembly has expressed its intent that R.C. 2923.14 should "extend to gun disabilities imposed under federal law." To support this claim, Ewing refers this court to the uncodified language found in 2011 H.B. No. 54, Section 3, which provides:

> It is the intent of the General Assembly in amending section 2923.14 of the Revised Code to apply the amendments to that section retroactively to any restoration of rights granted previously to any applicant under section 2923.14 of the Revised Code or under any previous version of that section. The General Assembly is explicitly making this amendment to clarify that relief from a weapons disability granted under section 2923.14 of the Revised Code restores a person's civil firearm rights to such an extent that the uniform federal ban on possessing any firearms at all, 18 U.S.C. 922(g)(1), does not apply to that person, in correlation with the U.S. Supreme Court's interpretation of 18 U.S.C. 921(a)(20) in Caron v. U.S. (1998), 524 U.S. 308.

{¶ 23} However, by its terms, the uncodified language found in 2011 H.B. No. 54, Section 3, refers only to a federal firearms disability imposed under 18 U.S.C. 922(g)(1).

Unlike a federal firearms disability imposed under 18 U.S.C. 922(g)(9), a federal firearms disability imposed under 18 U.S.C. 922(g)(1) makes it unlawful for any person who has "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess, or receive "any firearm or ammunition" in or affecting commerce. Ewing's federal firearms disability was not imposed under 18 U.S.C. 922(g)(1). Ewing's federal firearms disability was instead imposed under 18 U.S.C 922(g)(9). Therefore, while the General Assembly may have expressed its intent that the procedures outlined in R.C. 2923.14 should apply to a federal firearms disability imposed under 18 U.S.C. 922(g)(1), the same cannot be said as it relates to a disability imposed under 18 U.S.C. 922(g)(9).

## Conclusion

{¶ 24} After considering the arguments advanced by both parties herein, Suwalski's petition for a writ of prohibition is hereby granted as Judge Peeler does not have the judicial power under Ohio law, specifically R.C. 2923.14, to relieve Ewing of the federal firearms disability imposed upon him under 18 U.S.C. 922(g)(9).

{¶ 25} Writ granted.

HENDRICKSON, P.J., and M. POWELL, J., concur.