JOURNAL ENTRY AND OPINION
{¶ 1} James and Rebecca Taylor brought suit pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq., against Norfolk Southern Railway Company ("Norfolk") and Sperry Rail, Inc. ("Sperry"). The Taylors asserted claims for negligence and loss of consortium arising out of injuries incurred by James Taylor when he jumped from a Sperry rail car before the car side-swiped a Norfolk train.
 {¶ 2} After answering the complaint, Norfolk asserted a cross-claim against Sperry, seeking indemnity for property damage to its train and contribution for any damages awarded to the Taylors for personal injuries.
 {¶ 3} Sperry subsequently filed a motion to dismiss Norfolk's cross-claim pursuant to Civ.R. 56. In its motion, Sperry asserted that Sperry and Norfolk were parties to a contract whereby Sperry agreed to provide railway testing services to Norfolk. Sperry asserted further that the contract included an arbitration provision which required binding arbitration of Norfolk's cross-claim.
 {¶ 4} In response, Norfolk dismissed its cross-claim regarding property damage, but opposed Sperry's motion to dismiss its cross-claim regarding injuries and damages sustained by the plaintiffs.[1]
 {¶ 5} The trial court subsequently denied Sperry's motion without opinion. Sperry now appeals from the trial court's denial of its motion to dismiss. We grant Norfolk's motion to dismiss the appeal, however, for lack of a final appealable order.
 {¶ 6} R.C. 2711.01 et seq. governs arbitration in Ohio and provides for either direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02. Brumm v. McDonald Co. Securities, Inc.
(1992), 78 Ohio App.3d 96, 100.
 {¶ 7} R.C. 2711.02(B) states in pertinent part:
 {¶ 8} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the actionuntil the arbitration of the issue has been had in accordancewith the agreement * * *." (emphasis added).
 {¶ 9} R.C. 2711.02(C) provides that "an order under division (B) of the section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure * * *."
 {¶ 10} Sperry did not seek a stay of proceedings pursuant to R.C. 2711.02(B), however. Likewise, Sperry did not seek to enforce the arbitration provision pursuant to R.C. 2711.03, which by its terms applies where there has been a petition for an order to compel the parties to proceed to arbitration:
 {¶ 11} "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * *"
 {¶ 12} Instead, Sperry asked the court to dismiss Norfolk's cross-claim pursuant to Civ.R. 56, a remedy not authorized by R.C. 2711.01 et seq. Indeed, as this court has recognized, when a dispute is subject to arbitration, the trial court should stay the lawsuit rather than dismiss it. Rock v. Merrill Lynch,Pierce, Fenner Smith, Inc. (1992), 79 Ohio App.3d 126; see, also, Ponyicki v. Monterey Homes (May 19, 1994), Cuyahoga App. No. 65549.
 {¶ 13} An appellate court has jurisdiction to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals. Section 3(B)(2), Article IV of the Ohio Constitution; see, also, R.C. 2505.03.
 {¶ 14} As applicable to this case, R.C. 2505.02 defines "final order" as:
 {¶ 15} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 16} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; * * *."
 {¶ 17} Sperry first argues that the trial court's order denying its motion to dismiss is final because "by refusing to enforce the arbitration agreement, Sperry has been denied the right to even apply for a stay of the underlying case." In essence, Sperry argues that the trial court's order is final because, in denying its motion to dismiss, the trial court determined that the arbitration clause is not enforceable. We disagree.
 {¶ 18} The trial court's order merely states that Sperry's motion to dismiss is denied; it does not indicate whether the trial court denied Sperry's motion because Sperry asked for relief the trial court could not grant or because the trial court determined that Norfolk's cross-claim is not governed by the arbitration provision. Thus, Sperry is not precluded from filing a motion pursuant to R.C. 2711.02 requesting that the court stay the action pending arbitration of Norfolk's cross-claim.
 {¶ 19} We likewise reject Sperry's argument that the trial court's order is final because it affects a substantial right made in a special proceeding. This order appealed from did not arise from a special proceeding; it arose from the plaintiffs' personal injury action in common pleas court.
 {¶ 20} The law is clear in Ohio that the denial of a motion to dismiss or motion for summary judgment is not a final appealable order. See, e.g., Celebrezze v. Netzley (1990),51 Ohio St.3d 89; Lakewood v. Pfeifer (1992), 83 Ohio App.3d 47;Hill v. Home Roan Pools, Ashtabula App. No. 2003-A-0097,2003-Ohio-5862, at ¶ 8; Shane v. Tracy (Aug. 24, 2000), Cuyahoga App. No. 77025. Accordingly, this court is without jurisdiction to consider appellant's appeal.
Dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., Concur.
[1] Our review of the docket indicates that the trial court did not enter an order reflecting this partial dismissal.