[Cite as *Russell v. RAC Natl. Prod. Serv., L.L.C.*, 2014-Ohio-3392.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| Traci L. Russell, et. al., | : | Case No. 14CA17 |
| Plaintiffs-Appellees, | : | **DECISION AND JUDGMENT ENTRY** |
| v. | : | |
| RAC National Product Service, LLC, | : | |
| Defendant-Appellant. | : | **RELEASED: 7/31/2014** |

_____

APPEARANCES:

David W. Orlandini & Gary C. Safir, Davis & Young, Westerville, Ohio for Appellant.

James R. Leach, Parkersburg, West Virginia for Appellees.

_____

HOOVER, A.J.,

**{¶1}** After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant RAC National Product Service to file a memorandum addressing whether the entry appealed from is a final appealable order. RAC National filed a memorandum arguing that the May 12, 2014 order appealed from denies its motion for a stay pending arbitration pursuant to R.C. 2711.02 and therefore is appealable under R.C. 2711.02(C). Appellees argue that the May 12, 2014 order is a nullity because it is a denial of RAC National's motion to reconsider the trial court's final appealable January 10, 2014 order denying RAC National's motion to compel arbitration. After reviewing the memoranda and the relevant law, we find that the order appealed from is not a final appealable order and the appeal is hereby **DISMISSED**.

I.

{¶2}    In May, 2013, the Russells filed a complaint against RAC National. In November, 2013, RAC National filed a motion to dismiss coupled with a motion to compel arbitration.  The portion of the motion seeking a dismissal of the complaint was based on Civ.R. 12(B)(1) and (6). The portion of the motion seeking to compel arbitration was made pursuant to the Federal Arbitration Act, 9 U.S.C. Section 4 and the Ohio Arbitration Act, R.C. 2711.03. On January 10, 2014, the trial court issued a decision in which it found that there was no valid arbitration agreement between the parties and, therefore, no basis to dismiss the complaint under Civ.R. 12(B)(1) or (6). The order denied both motions. *Russell v. RAC National Product Service, LLC,* Case No. 13TR164, Decision, (Jan. 10, 2014).

{¶3}    RAC National did not appeal the January 10, 2014 order that found that no valid arbitration agreement existed. Instead, in February, 2014, RAC National filed a "Defendant's Motion to Reconsider" in which it asked the trial court to "reconsider its ruling, dismiss this matter and submit the matter to binding arbitration."  It also made an alternative request to stay the proceedings, though it did not specifically reference R.C. 2711.02 in the motion. It stated, "In the alternative, Defendant requests that the proceedings be stayed until the arbitration proceedings are complete."  On May 12, 2014, the trial court issued an order denying RAC National's motion to reconsider, and stated in part:

> Based upon the reasons specifically stated in this Court's Decision filed on January 10, 2014 denying Defendant's Motion to Dismiss and Compel Arbitration; Plaintiff's written responses to both Defendant's Motion to Dismiss and Motion to Reconsider and the authority cited therein; the arguments placed upon the record during the hearing, including but not limited to the lack of evidence of mutual agreement to the terms of the Lease-Purchase Agreement and Arbitration Agreement as reflected in the lack of evidence that the Plaintiff Traci Russell read and understood the terms of the Lease-Purchase Agreement and Arbitration Agreement, which

> is essential to the formation of any contract, the Court hereby ORDERS that the Defendant's Motion to Reconsider be DENIED.

The trial court also denied RAC National's alternative request for a stay: "In addition, this Court ORDERS that the Defendant's request that this matter be stayed until the arbitration proceedings are completed is also DENIED." *Russell v. RAC National Product Service, LLC,* Case No. 13-TR-164, Order Denying Defendant's Motion to Reconsider (May 12, 2014).

{¶4}    RAC National appeals the May 12, 2014 order denying the motion to reconsider and denying the request to stay the proceedings.

II.

{¶5}    Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is defined in R.C. 2505.02 and the relevant provisions for this case are:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; . . . .

{¶6}    If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Production Credit Assn. v. Hedges,* 87 Ohio App.3d 207, 210 at fn. 2 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App. 3d 499, 501 (4th Dist. 1992). To determine whether the May 12, 2014 order is a final appealable order, we must first determine whether the January 10, 2014 order is a final appealable order.

{¶7}    RAC National argues that the January 10, 2014 order that denied its motion

to compel arbitration was not a final appealable order because it also contained an order denying a motion to dismiss under Civ.R. 12(B)(1) and (6). RAC National argues that because an order denying a motion to dismiss based upon an arbitration provision is not a final appealable order, the January 10, 2014 order was not appealable.

{¶8}   An order denying a motion to dismiss based upon an arbitration provision is not a final appealable order. *John R. Davis Trust 8/12/05 v. Beggs,* 10th Dist. Franklin App. No. 08AP-432, 2008-Ohio-6311(order denying motion to dismiss based on arbitration clauses in agreement was not a final appealable order); *Taylor v. Norfolk Southern Railway Co.,* 8th Dist. Cuyahoga App. No. 85699, 2005-Ohio-4576. Dismissal is not an option provided in R.C. 2711.01 et seq. However, the trial court's order was not limited to the motion motion to dismiss; it also addressed RAC National's motion to compel arbitration under R.C. 2711.03. The January 10, 2014 order determined that no valid arbitration agreement existed between the parties and denied the motion to compel arbitration under R.C. 2711.03.

{¶9}   The Ohio Arbitration Act, R.C. Chapter 2711, provides different arbitration enforcement mechanisms. A party may seek direct enforcement of such agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02. These are separate and distinct procedures. *Brumm v. McDonald & Co. Securities, Inc.,* 78 Ohio App.3d 96, 603 N.E.2d 1141 (4th Dist. 2002) citing 6 Ohio Jurisprudence 3d (1978) 40, Arbitration & Award, Section 39; see also *Maestle v. Best Buy Co.,* 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7 ("A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes.").

{¶10}  Although proceedings under R.C. 2711.02 and R.C. 2711.03 are separate and distinct, both require the court to determine whether the very existence of an arbitration agreement is at issue.  Under R.C. 2711.02, governing proceedings to stay, the court must be "satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration . . . ." R.C. 2711.02(B).  Under R.C. 2711.03, governing proceedings to compel, if the court finds that there is an issue with the making of the arbitration agreement, it proceeds summarily with a trial on the issue and either party has the right to a jury trial. *Richie's Food Distributor, Inc. v. Refrigerated Construction Services,* 4th Dist. Pike App. No. 02CA683, 2002-Ohio-3763; *Chrysler Fin. Servs. V. Henderson*, 4th Dist. Athens App. No. 11CA4, 2011-Ohio-6813 (trial court was not required to hold an oral or evidentiary hearing regarding auto purchaser's motion to compel arbitration, in action brought against them by financial services company alleging breach of retail installment contract, absent a specific request for an oral hearing); *Liese v. Kent State Univ.,* 11th Dist. Portage App. No. 2003-P-0033, 2004-Ohio-5322 (trial court can make a determination concerning the applicability of an arbitration agreement through summary judgment proceedings and a party may waive its rights to a hearing and trial under R.C. 2711.03). Under both statutory provisions, the court must determine that a valid enforceable arbitration agreement exists before determining the appropriate relief to grant.

{¶11}  By its terms, R.C. 2711.03 applies where there has been a petition for an order to compel the parties to proceed to arbitration. RAC National's motion to compel arbitration was expressly made pursuant to R.C. 2711.03 and did not seek a stay of the proceedings under R.C. 2711.02. The trial court's January 10, 2014 order denying the motion to compel arbitration expressly determined that there was no valid arbitration

agreement between the parties.   If the January 10, 2014 order is a final appealable order, then the trial court could not entertain motions for reconsideration on the issue of whether there was a valid arbitration agreement between the parties, because "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105 (1981); see also *Tedeshi v.Atrium Ctrs.*, 8th Dist. Cuyahoga App. No. 97647 LLC, 2012-Ohio- 2929 (motion for a reconsideration of a stay granted pursuant to R.C. 2711.02 was a nullity).

{¶12}  The Russells argue that the January 10, 2014 order is a final appealable order under R.C. 2711.02(C). However, R.C. 2711.02(C) governs "an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration" and refers back to section R.C. 2711.02(B) which governs applications for a stay. It does not address orders arising out of proceedings set forth in R.C. 2711.03. We note that while the federal statute, 9 U.S.C. Section 16(a)(1)(B), expressly states that an order denying a petition to compel arbitration made under 9 U.S.C Section 4 is appealable, Ohio's version does not include a similar provision.  See R.C. 2711.15 ("An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award").

{¶13}  Instead, the trial court's January 10, 2014 order made pursuant to R.C. 2711.03 is a final appealable order under R.C. 2505.02(B)(2) as one that "affects a substantial right made in a special proceeding."  R.C. 2505.02(A)(1) defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." The Ohio Arbitration Act gives persons the right to enforce arbitration agreements and provides a

variety of proceedings in furtherance of this right.  As for the right to compel arbitration, R.C. 2711.03(B) goes so far as to provide a jury trial, if demanded, to determine the issue when the making of an arbitration agreement is in issue. If the jury finds that no agreement for arbitration was made, then the court dismisses the petition to compel arbitration. In this case, the trial court, rather than a jury, made the determination that no valid arbitration agreement exists between the parties. This decision affected a substantial right of RAC National when it determined that it would not be entitled to arbitrate this dispute.

{¶14}  We also find that the proceedings set forth in R.C. 2711.03 are special proceedings under R.C. 2505.01(A)(2), which defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a  suit in equity."  The proceedings set forth in R.C. 2711.03 are special proceedings because they were created by the Ohio Arbitration Act, R.C. 2711.01 et seq. in 1953. See generally, *Worldwide Asset Purchasing, LLC v. Easterling*, 186 Ohio App.3d 478, 2009-Ohio-6196, 928 N.E.2d 1148 (10th Dist.)(discussing the history of the Federal Arbitration Act and the Ohio Arbitration Act); *Geiger v. Morgan Stanley DW, Inc.,* 10th Dist. Franklin App. No. 09AP-608, 2010-Ohio-2850 ("[a]rbitration actions qualify as special proceedings because arbitration was not recognized at common law or equity, and was legislatively provided for in R.C. Chapter 2711.") quoting *Kelm v. Kelm*, 93 Ohio App.3d 686, 691, 639 N.E.2d 842 (10th Dist. 1994), citing *Stewart v. Midwestern Indemn. Co.*, 45 Ohio St.3d 124, 128, 543 N.E.2d 1200 (1989)(Douglas, J., dissenting); *FIA Card Servs., N.A. v. Wood,* 7th Dist. Jefferson App. No. 08-JE-13, 2009-Ohio-1513; *Binn v. Sterling Jewelers, Inc.,* 9th Dist. Summit App. No. 24522, 2009-Ohio-3359; *Shopsmith Woodworking Promotions, Inc. v. American Woodworking Academy, Inc.,* 2nd Dist. Montgomery App. No. 15268, 1995 WL 614355 (Oct. 18, 1995).

**{¶15}** Thus, we find that the January 10, 2014 order, which determined that there was no valid arbitration agreement between the parties under R.C. 2711.03, is a final appealable order under R.C.2505.02(B)(2) as one that affects a substantial right in a special proceeding.  Here, the trial court should have denied RAC National's motion to reconsider on the ground that the motion was a nullity. The trial court's May 12, 2014 order purporting to reconsider the validity of the arbitration agreement was a nullity. "Once an appealable or final judgment in a case has been journalized, it cannot be modified by that court except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981)(Any order purporting to reconsider a final judgment absent one of the prescribed avenues is a nullity); *Green Tree Servicing, L.L.C. v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408 (2nd Dist.).

**{¶16}** We agree that an order denying a stay under R.C. 2711.02 is a final appealable order, but here RAC National had already sought direct enforcement of the arbitration agreement under R.C. 2711.03 and had received a final appealable order in which the trial court determined that there was no valid enforceable arbitration agreement.  RAC National could not then ask the trial court to reconsider its determination of the issue for the purposes of a second, indirect bite of the apple under R.C. 2711.02.  Although proceedings under R.C. 2711.02 and R.C. 2711.03 are separate and distinct, the existence of a valid arbitration agreement is foundational to both. *Richie's Food Distributor, Inc.,* supra; see also *Church v. Fleishour Homes, Inc.*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795 (5th Dist.).

**{¶17}** We find that once the trial court made a determination that there was no

valid enforceable arbitration agreement under 2711.03, that determination was a final appealable order. The May 12, 2014 order was a nullity.

III.

**{¶18}** We conclude that the May 12, 2014 order denying appellant's motion to reconsider its decision denying a motion to compel arbitration under R.C. 2711.03 that included a denial of appellant's motion to stay the proceedings under R.C. 2711.02, is a nullity and is not a final appealable order. Therefore, we hereby **DISMISS** this appeal.

**{¶19}** The clerk shall serve a copy of this order on all counsel of record at their last known addresses.

**APPEAL DISMISSED. COSTS TO APPELLANT.  IT IS SO ORDERED.**

McFarland, J., concurs.

Harsha, J., dissenting:

**{¶20}** Because the statutes provide "separate and distinct" avenues, and the parties can seek orders under both statutes, see *Maestle, supra*, I believe RAC can appeal the May 12, 2014 order under R.C. 2711.02(C).  But it cannot prevail because of collateral estoppel arising from the trial court's January 10, 2014 determination that no valid arbitration agreement exists.

FOR THE COURT

_____

Marie Hoover
Administrative Judge