[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland v. Russo,* Slip Opinion No. 2019-Ohio-1595.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1595

THE STATE EX REL. CITY OF CLEVELAND *v.* RUSSO, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland v. Russo,* Slip Opinion No. 2019-Ohio-1595.]

*Prohibition—Trial court patently and unambiguously lacks jurisdiction over claims falling within the State Employment Relations Board's exclusive jurisdiction—Writ granted.*

(No. 2019-0251—Submitted March 6, 2019—Decided May 1, 2019.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, the city of Cleveland, seeks a peremptory writ of prohibition against respondent, Cuyahoga County Court of Common Pleas Judge Nancy M. Russo. Because Judge Russo patently and unambiguously lacks jurisdiction over the controversy, we grant Cleveland's request for a peremptory writ of prohibition and order Judge Russo to vacate the

orders that she previously entered in *Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland*, Cuyahoga C.P. No. CV-19-910679, and to cease exercising jurisdiction over that case.

**Background**

{¶ 2} Traditionally, Cleveland fire fighters work 24-hour shifts beginning at 8:30 a.m. In December 2018, Cleveland's fire chief decided to change the 24-hour shift start times for fire fighters to 7:00 a.m. The chief intended to implement this change on February 11, 2019.

{¶ 3} On December 26, 2018, the president of the International Association of Fire Fighters, Local 93 ("the union"), which is the fire fighters' exclusive representative for collective-bargaining purposes, e-mailed the fire chief, objecting to the chief's decision to modify fire fighters' shift start times and arguing that the chief's actions violated the "current contract and the contract negotiations that [we]re underway." The chief responded that same day in writing and reiterated the change in shift times. On January 8, 2019, the chief issued the shift-change-order notification to the fire fighters, with an effective date of February 11, 2019.

{¶ 4} On or about January 31, 2019, the union filed an unfair-labor-practice charge under R.C. Chapter 4117 with the State Employment Relations Board ("SERB"). The union alleged that the chief's actions were unfair labor practices in violation of R.C. 4117.11(A)(1) (interfering with employees' selection of a representative for collective-bargaining purposes) and (5) (refusing to bargain collectively with employees' representative).

{¶ 5} On February 6, 2019, the union filed a complaint for a declaratory judgment, a temporary restraining order ("TRO"), and injunctive relief in the Cuyahoga County Common Pleas Court against the city of Cleveland, the fire chief, and the director of public safety ("the defendants"), alleging that the chief's shift-time order was subject to collective bargaining under R.C. 4117.08(A) and (C)(9). The union asked the trial court to declare that the chief's shift-time order violated

R.C. 4117.08 because it involved a matter subject to collective bargaining. *Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland*, Cuyahoga C.P. No. CV-19-910679. The union also sought to enjoin the defendants from enforcing the order until the mandatory collective-bargaining negotiation process had been completed. *Id*.

{¶ 6} The case was assigned to Judge Russo, who held a hearing on February 7, 2019, regarding the union's request for a TRO and a preliminary injunction. On that date, the defendants filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that SERB had exclusive statutory authority over matters pertaining to R.C. Chapter 4117. Judge Russo denied the defendants' motion to dismiss, entered a TRO staying the shift-time order until March 30, 2019, and scheduled a pretrial hearing for March 14, 2019.[1]

{¶ 7} On February 15, 2019, Cleveland filed a complaint for a writ of prohibition in this court, arguing that Judge Russo patently and unambiguously lacked jurisdiction over the union's claims due to the General Assembly's granting SERB "exclusive jurisdiction over all matters arising from rights created by [R.C.] Chapter 4117." Judge Russo filed a motion to dismiss.

### Judge Russo's motion to dismiss

{¶ 8} To be entitled to the requested writ of prohibition, Cleveland must establish that (1) Judge Russo is about to exercise or has exercised judicial power, (2) Judge Russo lacks authority to exercise that power, and (3) denying the writ would result in an injury for which Cleveland would lack an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. If, however, Judge Russo patently and

---

1. On April 3, 2019, Cleveland informed this court that Judge Russo extended the TRO until "June 30, 2019 or until the Supreme Court issues its decision on the pending writ, whichever occurs first in time." *Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland*, Cuyahoga C.P. No. CV-19-910679 (Mar. 28, 2019).

unambiguously lacks jurisdiction in the underlying case, then Cleveland need not establish the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 9} Here, there is no dispute that Judge Russo has exercised judicial authority and will continue to do so. And Cleveland does not allege that it lacks an adequate remedy at law. As such, this case turns on whether Judge Russo patently and unambiguously lacks jurisdiction over the union's action seeking a declaratory judgment that the shift-change order violates R.C. 4117.08. To answer this question, we must determine whether the relief that the union is seeking falls within the exclusive jurisdiction of SERB.

*SERB's jurisdiction*

{¶ 10} R.C. 4117.08 provides that "[a]ll matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bargaining between the public employer and the exclusive representative, except as otherwise specified in this section." R.C. 4117.08(A). Indeed, "[u]nless a public employer agrees otherwise in a collective bargaining agreement," R.C. 4117.08(C), nothing in the statute prohibits a public employee to "[t]ake actions to carry out the mission of the public employer as a governmental unit," R.C. 4117.08(C)(9).

{¶ 11} In its complaint, Cleveland states—and Judge Russo does not dispute—that it is a "chartered, home-rule municipal corporation located in Cuyahoga County, Ohio" and "is a 'public employer' as defined by [R.C.] 4117.01(B)." And no party disputes that Cleveland fire fighters are "public employees"; they hold positions of employment with a public employer and do not fall under any of the law's exceptions. *See* R.C. 4117.01(C).

{¶ 12} SERB "is an agency of the state of Ohio created by R.C. Chapter 4117 and charged with the administration of the Ohio Public Employees Collective

Bargaining Act." *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.*, 74 Ohio St.3d 665, 666, 660 N.E.2d 1199 (1996). R.C. Chapter 4117 "establishe[s] a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169, 572 N.E.2d 87 (1991). It is an unfair labor practice for a public employer to interfere with employees' exercise of their collective-bargaining rights or to refuse to bargain collectively with employees' organization. R.C. 4117.11(A)(1) and (5).

{¶ 13} A determination whether a public employer's unilateral action affects employees' work hours "is generally a factual question * * * properly determined by SERB, which was designated by the General Assembly to facilitate an amicable, comprehensive, effective labor-management relationship between public employees and employers." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260, 533 N.E.2d 264 (1988). The General Assembly has specified particular issues for SERB to address in the first instance. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 51. Indeed, SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117," *Franklin Cty. Law Enforcement Assn.* at paragraph one of the syllabus, and if "a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive," *id.* at paragraph two of the syllabus.

{¶ 14} However, "[i]f a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court." *Franklin Cty. Law Enforcement Assn.* at paragraph two of the syllabus. Thus, the "dispositive test remains whether the claims arise from or depend on

collective-bargaining rights created by R.C. Chapter 4117." *Ohio Civ. Serv. Emps. Assn.* at ¶ 57.

*Whether the union's claims fall within SERB's exclusive jurisdiction*

{¶ 15} Judge Russo contends that she does not patently and unambiguously lack jurisdiction, because the union's complaint includes claims that may be independent of the collective-bargaining rights set forth in R.C. Chapter 4117. According to Judge Russo, fire fighters with child-custody decrees and preexisting family-care arrangements and fire fighters who "would be personally affected [and harmed] by the structural change to their work schedule" have made claims that are independent of the claim that Cleveland engaged in unfair labor practices. She characterizes these as personalized claims of hardship asserted on behalf of particular personnel.

{¶ 16} A review of the complaint shows that the union is seeking relief under R.C. Chapter 4117 for claims that depend on collective-bargaining rights; the union is not alleging independent claims. Specifically, the union is seeking a declaration that the shift-change order violates R.C. 4117.08(A), which lists matters that are subject to collective bargaining, including "hours." The union is also seeking injunctive relief to prevent Cleveland officials from changing shift start times "without adhering to the statutorily mandatory collective bargaining negotiation process."

{¶ 17} When a party has asserted claims that are independent of R.C. Chapter 4117, we have recognized that jurisdiction lies with a common pleas court, not SERB. *See, e.g.*, *State ex rel. Rootstown School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 493-494, 678 N.E.2d 1365 (1997) (contract claim); *see also Franklin Cty. Law Enforcement Assn.,* 59 Ohio St.3d at 172, 572 N.E.2d 87 (constitutional claims). Unlike the unions in *Rootstown* and *Franklin Cty. Law Enforcement Assn.*, the union here has not asserted any claims that fall outside the scope of the collective-bargaining rights created by R.C.

Chapter 4117. Instead, the complaint broadly refers to fire fighters with child-custody decrees and preexisting family-care arrangements and fire fighters who "would be personally affected [and harmed] by the structural change to their work schedule." But those claims are inherent in the union's allegation that the chief's actions were unfair labor practices in violation of R.C. 4117.11(A)(1) and (5), and do not fall outside the scope of the collective-bargaining rights set forth in R.C. Chapter 4117.

*Declaratory judgment*

{¶ 18} Judge Russo also contends that she has authority to grant declaratory relief to the union because forcing the union to seek administrative relief would be dilatory. We have previously rejected this argument and held that a trial court's basic statutory authority to hear declaratory-judgment actions does not vest the court with jurisdiction to consider R.C. Chapter 4117-related claims before SERB has had the chance to act. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 23; *see also Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 469, 613 N.E.2d 591 (1993).

{¶ 19} We deny Judge Russo's motion to dismiss.

**Cleveland's application for a peremptory writ of prohibition**

{¶ 20} As noted above, the only issue presented in this case is whether Judge Russo patently and unambiguously lacks jurisdiction to preside over the union's complaint. Cleveland argues that it is entitled to a peremptory writ of prohibition because the material facts of the underlying case are uncontroverted and the legal issues are fully briefed. In support of its position that a peremptory writ of prohibition should issue, Cleveland relies on *Sutula* at ¶ 8, in which a union claimed that Cleveland committed unfair labor practices by interfering with public employees' rights under R.C. Chapter 4117 and refusing to bargain collectively with the union.

**{¶ 21}** Subsequently, we clarified that our decision in *Sutula* did not expand the scope of SERB's jurisdiction under R.C. Chapter 4117 and that SERB's jurisdiction remained dependent on whether a person's collective-bargaining rights established the basis for raising his unfair-labor-practice allegation. *Ohio Civ. Serv. Emps. Assn.*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, at ¶ 57.

**{¶ 22}** Here, the union's claims arise out of rights that are set forth in R.C. Chapter 4117 relating to hours and the allegation that as a public employer, Cleveland is required to negotiate changes in hours and shift times. Thus, as in prior cases, we grant a peremptory writ of prohibition to prevent Judge Russo from "exercising jurisdiction over a case which is within the exclusive jurisdiction of SERB." *State ex rel. Fraternal Order of Police, Ohio Labor Council v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 290, 667 N.E.2d 929 (1996). Here, because the material facts are uncontroverted and the union has not asserted any claims that fall outside the scope of the collective-bargaining rights created by R.C. Chapter 4117, we grant the requested peremptory writ of prohibition. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14. Cleveland's motion for leave is granted and its motion to stay and motion to expedite briefing are denied as moot.

Writ granted.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Zashin & Rich Co., L.P.A., Jon M. Dileno, and George S. Crisci; and William Menzalora, City of Cleveland Chief Assistant Law Director, for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for respondent.

————————————