[Cite as *Ohio Council 8, AFSME, AFL-CIO v. Lakewood*, 2023-Ohio-4212.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

OHIO COUNCIL 8, AFSCME,
AFL-CIO, ET AL.,                          :

      Plaintiffs-Appellees,          :

                                     No. 112456

      v.                             :

CITY OF LAKEWOOD,                          :

      Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 22, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-962000

---

### *Appearances:*

Ohio Council 8, AFSCME, AFL-CIO, Linda K. Fiely, Associate General Counsel, and Kimm A. Massengill-Bernardin, General Counsel, *for appellees.*

Zashin & Rich Co., L.P.A., Patrick M. Watts, David P. Frantz, Stephen S. Zashin, and Sarah J. Moore, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1}   This case arises from an application and motion to compel arbitration filed by plaintiffs-appellees, Ohio Council 8, American Federation of State, County,

and Municipal Employees, AFLCIO and Local 1043, American Federation of State, County, and Municipal Employees, AFLCIO (collectively referred to as "Union"), against defendant-appellant, the city of Lakewood ("City"), seeking to arbitrate a grievance regarding a City employee and Union member. The City sought to dismiss the Union's application and motion to compel arbitration for lack of subject-matter jurisdiction. We are now asked to determine whether the trial court has subject-matter jurisdiction over the matter and whether the court erred in granting the Union's application and motion to compel arbitration. For the reasons set forth below, we reverse the trial court's order denying the City's motion to dismiss, and remand to the trial court with instructions to grant the City's motion to dismiss.

## I. Facts and Procedural History

{¶ 2}     Both the City, a "public employer" as defined in R.C. 4117.01(B), and the Union, an "employee organization" as defined in R.C. 4117.01(D), were parties to a collective bargaining agreement ("CBA") from January 1, 2020, through December 31, 2022.[1]     The Union is the exclusive representative of a group of employees in the City's Department of Public Works, which included Michael Satink ("Satink"). The CBA contains a grievance and arbitration procedure, which defines "grievance" as a "dispute or difference between the City and the Union, or between the City and an employee, concerning the interpretation and/or application of and/or compliance with any provision of this Agreement, including disciplinary

---

[1] The factual history was obtained from the pleadings filed in the trial court.

actions * * *." (CBA, Article 10, Section 10.02). The CBA further provides that the grievance procedure "shall be the exclusive method of reviewing and settling disputes between the City and the Union and/or between the City and employee(s)" and "[a]ll decisions of arbitrators and all pre-arbitration grievance settlements reached by the Union and the City shall be final, conclusive and binding on the City, the Union and employee(s)." (CBA, Article 10, Section 10.04).

{¶ 3} On November 4, 2020, the City terminated Satink for what it deemed to be insubordinate, disruptive, and intimidating actions in the workplace. On November 5, 2020, the Union submitted a grievance challenging Satink's termination. The grievance process, however, did not resolve the dispute, and the Union moved the grievance to arbitration, which was scheduled for a hearing on March 11, 2021. Prior to this hearing, and after much negotiation, the City and the Union entered into a Last Chance Agreement ("LCA") on March 8, 2021, where the parties agreed to dismiss the grievance arbitration hearing and agreed that Satink would return to work under certain terms and conditions, including that "[i]f, during the terms of this Agreement, Satink violates any City work rule or policy pertaining to professional, respectful, and workplace appropriate behavior when performing assigned work responsibilities, he shall be subject to immediate termination without recourse to the grievance or arbitration provisions of the Collective Bargaining Agreement." (LCA, paragraph 7.)

{¶ 4} On October 20, 2021, Satink engaged in conduct that resulted in disciplinary charges. The City terminated Satink on November 4, 2021, for violating

the terms of the LCA, following the conclusion of the predisciplinary hearing on the matter held earlier that day. On November 10, 2021, the Union submitted another grievance, this time regarding Satink's second termination. On November 17, 2021, the City rejected any obligation to process the grievance, advising that the grievance was not arbitrable under the LCA. On January 19, 2022, the Union notified the City of its intent to arbitrate Satink's 2021 termination grievance. The City replied to the Union the next day again rejecting the Union's intent to arbitrate and noting that the Union and Satink relinquished their rights to arbitrate in the LCA in exchange for Satink's return to work.

{¶ 5} Then on April 13, 2022, the Union filed an application and motion to compel arbitration under R.C. 2711.03, seeking to obtain an order compelling the parties to arbitration, which was the remedy the parties had bargained for in their collective bargaining agreement. On July 21, 2022, the City filed its answer, in which it asserted that the Union's "claims are barred by this Court's lack of jurisdiction over union claims arising from or dependent upon bargaining rights created by and subject solely to remedies available under Ohio Revised Code Chapter 4117." Four days later, the City filed a motion to dismiss for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) and a brief in opposition to the Union's application and motion.

{¶ 6} On August 12, 2022, the Union filed a brief in opposition to the City's motion to dismiss and a reply brief in support of its application and motion. The City filed its reply brief on August 19, 2022. On August 31, 2022, the Union filed a

motion to amend its application and motion to compel arbitration, which the trial court granted. The Union sought to add the LCA as an exhibit because the document was inadvertently not attached to the initial motion. On January 30, 2023, the trial court issued a judgment denying the City's motion to dismiss and granting the Union's motion to compel arbitration.

{¶ 7} It is from this order that the City now appeals, raising the following two assignments of error for review:

> **Assignment of Error One:** The trial court erred by improperly exercising jurisdiction in the underlying matter.
>
> **Assignment of Error Two:** The trial court erred by granting [the Union's] application and motion to compel arbitration.

## II. Law and Analysis

### A. Motion to Dismiss

{¶ 8} In the first assignment of error, the City argues that the trial court lacked subject-matter jurisdiction under Civ.R. 12(B)(1).[2]

---

[2] We recognize that the denial of a motion to dismiss is not generally a final appealable order. However, there is a final appealable order in the instant case because the issue of subject-matter jurisdiction is intertwined with the trial court's simultaneous grant of the Union's application and motion to compel arbitration. The trial court's grant of a petition to enforce arbitration under R.C. 2711.03, in the instant case, is a final appealable order because it prevented any further judgment and affected the City's substantial rights. *Internatl. Union, of Operating Engineers, Local 18 v. Norris Bros. Co.*, 8th Dist. Cuyahoga No. 101353, 2015-Ohio-1140, ¶ 10, fn. 1, citing *Palumbo v. Select Mgmt. Holdings, Inc.*, 8th Dist. Cuyahoga No. 82900, 2003-Ohio-6045, ¶ 14; *Russell v. RAC Natl. Prod. Serv., LLC*, 4th Dist. Washington No. 14CA17, 2014-Ohio-3392, ¶ 13-15 (where the Fourth District Court of Appeal noted that the trial court's judgment granting the union's petition to enforce arbitration and denying the employer's motion to dismiss is a final appealable order).

{¶ 9} We review the trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction de novo.[3] *Rheinhold v. Reichek*, 8th Dist. Cuyahoga No. 99973, 2014-Ohio-31, ¶ 7, citing *Bank of Am. v. Macho*, 8th Dist. Cuyahoga No. 96124, 2011-Ohio-5495, ¶ 7, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000). In order to dismiss a complaint under Civ.R. 12(B)(1), the trial court must determine whether the plaintiff has alleged any cause of action that the court has authority to decide. *Id.*, citing *Cresmont* at 936. We note that "[t]he trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ. R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

{¶ 10} The City argues that the trial court lacked subject-matter jurisdiction to hear the case and should have granted its motion to dismiss instead of granting the Union's motion to compel arbitration because R.C. Chapter 4117 provides that exclusive jurisdiction belongs with the State Employment Relations Board ("SERB"), which "'is an agency of the state of Ohio created by R.C. Chapter 4117 and charged with the administration of the Ohio Public Employees Collective Bargaining

---

[3] "A court's subject-matter jurisdiction 'connotes the power to hear and decide a case upon its merits.'" *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 10, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus.

Act.'" *State ex rel. City of Cleveland v. Russo*, 156 Ohio St.3d 449, 2019-Ohio-1595, 129 N.E.3d 384, ¶ 12, quoting *State ex rel. Brecksville Edn. Assn. v. State Emp. Relations Bd.*, 74 Ohio St.3d 665, 666, 660 N.E.2d 1199 (1996). The Union argues that R.C. Chapter 4117 is not a viable option and the trial court properly exercised subject-matter jurisdiction under R.C. 2711.03(A).

### 1. SERB's Jurisdiction

{¶ 11} R.C. Chapter 4117 establishes a framework for the resolution of public employee labor disputes. *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, ¶ 16. SERB "has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn. v. FOP*, 59 Ohio St.3d 167, 572 N.E.2d 87 (1991), paragraph one of the syllabus. The Ohio Supreme Court has stated that SERB's exclusive jurisdiction to resolve unfair labor practice charges is vested in two general areas: "'(1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11.'" *Sutula* at ¶ 16, quoting *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, 786 N.E.2d 49, ¶ 23; *E. Cleveland v. E. Cleveland Fire Fighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878 (1994).

{¶ 12} The *Sutula* Court also stated that "'if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive.'" *Id.*, quoting *Franklin Cty. Law*

*Enforcement Assn.* at paragraph two of the syllabus. Indeed, "'SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.'" *Id.* at ¶ 20, quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 156 Ohio App.3d 368, 2004-Ohio-994, 806 N.E.2d 170, ¶ 12 (8th Dist.); *Carter v. Trotwood-Madison City Bd. of Edn.*, 181 Ohio App.3d 764, 2009-Ohio-1769, 910 N.E.2d 1088, ¶ 64 (2d Dist.). However, "'[i]f a party asserts rights that are independent of R.C. Chapter 4117, the party's complaint may properly be heard in common pleas court.'" *Russo* at ¶ 14, quoting *Franklin Cty. Law Enforcement Assn.* at paragraph two of the syllabus. Therefore, the "'dispositive test remains whether the claims arise from or depend on collective-bargaining rights created by R.C. Chapter 4117.'" *Id.*, quoting *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 57.

### 2. Whether the Union's Claim Falls Within SERB's Exclusive Jurisdiction

{¶ 13} The City contends that SERB has exclusive jurisdiction because the Union's underlying claim arises from and depends upon the collective-bargaining rights created by R.C. Chapter 4711 with respect to grievance procedures and arbitration.

{¶ 14} In the instant case, the Union alleges in its application and motion to compel that it is a public deemed organization as defined in R.C. 4117.01(D) and the City is a public employer as defined in R.C. 4117.01(B). The Union further alleges

that there was a CBA in effect between it and the City and "[i]t is under this CBA that the instant dispute arose." The Union requested an "order compelling the City to proceed to arbitration on the instant grievance[.]" Additionally, in its memorandum in support of motion and application to compel arbitration, the Union argues "the parties agreed to a grievance and arbitration procedure in the CBA that covers just cause and discipline thus rendering the instant grievance arbitrable," and as a result, "the City is violating the CBA by refusing to abide by its agreement to arbitrate the instant grievance, and [the Union] urges [the trial court] to so find."

{¶ 15} While the Union's application and motion to compel arbitration does not explicitly seek relief under any section set forth in R.C. Chapter 4117, the Union qualifies that it is public deemed organization as defined in R.C. 4117.01(D) and the City is a public employer as defined in R.C. 4117.01(B), and seeks an "order compelling the City to proceed to arbitration" on a grievance arising from its CBA with the City. This claim is premised on the Union's allegations that there is a CBA that the City has failed to comply with. That is, if — as the Union alleges — the City ignored the CBA by refusing to arbitrate the grievance, then the City interfered with Satink's statutory collective-bargaining rights and refused to bargain collectively. This claim is entirely dependent on and falls directly within the scope of the collective bargaining rights created by R.C. Chapter 4117. *Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88 at ¶ 17, 25 (where the Ohio Supreme Court concluded that the trial court lacked jurisdiction because the union claimed that the city failed to abide by an agreement reached through collective-bargaining

negotiations under R.C. Chapter 4117.); *Staple v. Ravenna*, 11th Dist. Portage No. 2021-P-0070, 2022-Ohio-261, ¶ 17 (where the court concluded that plaintiff's complaint was properly dismissed because the complaint was based on rights afforded to the plaintiff by R.C. Chapter 4117, which were within SERB's exclusive jurisdiction).

{¶ 16} Moreover, the common pleas court's basic statutory jurisdiction over arbitration actions does not vest that court with jurisdiction over the Union's R.C. Chapter 4117-related claims. As the *Sutula* Court noted:

> SERB's exclusive jurisdiction over the union's claims prevents judicial intervention before SERB has had the opportunity to act. *See Consolo v. Cleveland*, 103 Ohio St.3d 362, 2004 Ohio 5389, 815 N.E.2d 1114, ¶ 12 (questions committed to SERB pursuant to R.C. Chapter 4117 must first be addressed by SERB); *see also State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006 Ohio 5202, 855 N.E.2d 1188, ¶ 37, quoting *Fletcher v. Coney Island, Inc.* (1956), 165 Ohio St. 150, 155, 134 N.E.2d 371 ("'[w]here the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy'"). That is, "[a]ny claim which is independent of R.C. Chapter 4117, such as a breach of contract or enforcement, still falls solely within the jurisdiction of SERB if the asserted claim arises from or is dependent on the collective bargaining rights created by R.C. Chapter 4117." *Fraternal Order of Police*, 76 Ohio St.3d at 290, 667 N.E.2d 929, citing *State ex rel. Cleveland City School Dist. Bd. of Edn. v. Pokorny* (1995), 105 Ohio App.3d 108, 110, 663 N.E.2d 719.

*Id.* at ¶ 23.

{¶ 17} The Union's attempt, in the instant case, to recast its common pleas court case as an arbitration action is unavailing. Therefore, based on the foregoing, we find that the trial court erred by denying the City's motion to dismiss the Union's application and motion to compel arbitration because the Union's claim arises from

and is dependent upon the collective-bargaining rights set forth in R.C. Chapter 4117.

{¶ 18} Accordingly, the first assignment of error is sustained.

**B. Application and Motion to Compel Arbitration**

{¶ 19} In the second assignment of error, the City argues that the trial court erred by granting the Union's application and motion to compel arbitration because under the plain language of the LCA, the Union and Satink waived recourse to the grievance or arbitration provisions of the CBA. Our disposition of the first assignment of error, however, renders this assignment of error moot. App.R. 12(A)(1)(c).

**III. Conclusion**

{¶ 20} Although the Union's application and motion to compel arbitration does not explicitly allege violations of R.C. Chapter 4117, substantively its claims arise from a labor dispute and resolution process set forth in the CBA, which stems from the rights created in R.C. Chapter 4117. The fact that the Union frames its action pursuant to R.C. 2711.03 is insufficient to vest jurisdiction in the common pleas court. Because the Union's application and motion to compel arbitration is based on rights set forth in R.C. Chapter 4117, its application and motion falls within the exclusive jurisdiction of SERB. Therefore, we find that the trial court erred by denying the City's motion to dismiss the Union's application and motion to compel arbitration for lack of subject-matter jurisdiction.

**{¶ 21}** Judgment reversed and the matter is remanded to the trial court with instructions to grant the City's motion to dismiss for lack of subject-matter jurisdiction.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
LISA B. FORBES, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


LISA B. FORBES, P.J., DISSENTING:

**{¶ 22}** Respectfully, I dissent. I would find that the SERB does not have exclusive jurisdiction over the issues presented in the Union's application and motion to compel arbitration (the "Application") at issue in this case. Consequently, I would uphold the trial court's decision to deny the City's motion to dismiss.

### A. SERB's Jurisdiction to Resolve Unfair Labor Practice Charges Is Not Invoked by the Application

**{¶ 23}** I agree with the majority that SERB is vested with exclusive jurisdiction to resolve unfair labor practice charges in two general areas: "(1) where one of the parties filed charges with SERB alleging an unfair labor practice under

R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, 937 N.E.2d 88, at ¶ 16.

{¶ 24} I would find that this case does not present either of these circumstances. There has been no allegation or argument that either of the parties filed charges with SERB alleging the City engaged in unfair labor practices. Moreover, I would find that the Application does not allege conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11.

{¶ 25} The Application makes no reference to any provision in R.C. Chapter 4117 other than acknowledging that Plaintiffs/Appellees are public-employee deemed organizations defined in R.C. 4117.01(D) and that the City is a public employer defined in R.C. 4117.01(B). The Application does not use the term "unfair labor practice" or any similar words. While R.C. 4117.11(A) declares that "[i]t is an unfair labor practice for a public employer * * * to (6) Establish a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances," it does not address a situation where a public employer refused to arbitrate one individual's grievance. (Emphasis added.) *See Ohio Patrolmen's Benevolent Assn. v. MetroHealth Sys.*, 87 Ohio App.3d 16, 621 N.E.2d 833 (8th Dist.1993) ("The language of R.C. 4117.11(A)(6) reflects an intent on the part of the legislature to give SERB the power to investigate and adjudicate repeated refusals to arbitrate * * * the statute contemplates a course of conduct not one specific act.").

{¶ 26} Here, the Application does not allege a pattern or practice of repeated conduct. Rather, the Application address one specific situation where the City refused one particular request to arbitrate one specific grievance. The Application consists of 14 enumerated paragraphs alleging that this dispute arose under the CBA between AFSCME and the City (Application, ¶ 4); that the City and AFSCME agreed to a grievance and arbitration procedure in that CBA (¶ 6); that AFSCME and Satink signed the LCA attached to and incorporated into the Application[4] (¶ 8); that Satink's employment was terminated by the City (¶ 9); that Local 1043 filed a grievance protesting Satink's termination (¶ 10); that the City denied the grievance (¶ 11); that the Union appealed the matter to arbitration and requested the parties select an arbitrator pursuant to the CBA (¶ 12); that the City refused to proceed to arbitration in light of the terms of the LCA (¶ 13); and that AFSCME served the City with a notice of intent to file suit to compel arbitration on the same day it filed the Application (¶ 13). Based on these allegations, the plaintiffs-appellees asked the court to compel arbitration. Under these circumstances, I would find that the Union has not alleged an unfair labor practice.

**B. SERB's Jurisdiction to Resolve Claims that Arise From or Depend on Rights Created by R.C. Chapter 4117 Has Not Been Invoked**

{¶ 27} I also agree with the majority that SERB would have exclusive jurisdiction over a dispute that "asserts claims that arise from or depend on the

---

[4] The LCA is referred to in the original Application, but it was not attached. The court granted leave to amend the Application to include a copy of the LCA. The LCA reflects that the City is also a party and that the City also signed the LCA.

collective bargaining rights created by R.C. Chapter 4117." *Franklin Cty. Law Enforcement Assn. v. Fop,* 59 Ohio St.3d 167, 171, 572 N.E.2d 87 (1991). I would find that this case does not arise from or depend on collective bargaining rights so as to bring this matter within SERB's exclusive jurisdiction.

{¶ 28} I disagree that the Application alleges that "the City interfered with Satink's statutory collective-bargaining rights and refused to bargain collectively," as asserted by the majority. Instead, I would find that that the Application asserts a violation of the CBA by the City.

{¶ 29} In considering whether the Union is requesting relief that arises from or depends on collective bargaining rights created by R.C. 4117.01, I am mindful that R.C. 4117.09(B) provides that any collective bargaining agreement "shall contain a grievance procedure which may culminate with final and binding arbitration of unresolved grievances." Here, the CBA attached to the Application demonstrates, and it is undisputed, that such a grievance procedure is included in the CBA. However, R.C. 4117.09(B) further provides that "a party to the agreement may bring suit for violation of agreements * * * in the court of common pleas of any county wherein a party resides or transacts business."

{¶ 30} The question before this court is, thus: Is the Application under R.C. 2711.03 a suit against the City for violating the arbitration provision of the CBA or does it present claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117?

{¶ 31} In their memorandum in support of their motion to compel arbitration, the Union argues the CBA arbitration provisions govern to determine whether the City had just cause to terminate Satink's employment. According to the Union, the LCA exempts the parties from the arbitration provisions of the CBA only as to the question of the proper punishment if Satink violates a workplace rule.

{¶ 32} The City, on the other hand, argues that the LCA exempts the parties from the arbitration provisions of the CBA as to any question stemming from Satink's termination based on a workplace rules violation. According to the City, under the LCA, the CBA's arbitration provisions do not have any application to Satink's termination — not to assess whether he was terminated for just cause for a rules violation and not to assess the proper punishment if he was.

{¶ 33} While I recognize that the jurisprudence around the interplay between R.C. 2711.03 and Chapter 4117 is complex and nuanced, I am persuaded that in this case the Application alleges the City has violated the CBA by refusing to arbitrate. Consequently, I would find that (1) SERB does not have exclusive jurisdiction over the dispute between the City and the Union, and (2) the trial court properly denied the motion to dismiss for lack of subject-matter jurisdiction.